UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-20965-CIV-ALTONAGA/Torres

**MILAM AIRPORT PARK**
**CONDOMINIUM ASSOCIATION, INC.,**

      Plaintiff,

v.

**ARCH SPECIALTY INSURANCE**
**COMPANY,**

      Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Defendant, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), moves to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) by stating the following:

**Summary of Argument**

      Plaintiff filed suit for alleged Hurricane Irma damage occurring on or about September 10, 2017, but attached a policy with a policy period of March 7, 2020 to March 7, 2021.  That policy does not cover damage occurring on September 10, 2017, so the Complaint fails to state a cause of action upon which relief can be granted.  The undersigned previously advised counsel of this mistake and also provided a copy of the correct insurance policy, but no amendment was made.

**I.**    **Facts**

      1.    Arch issued a property insurance policy to Plaintiff that provided coverage to Plaintiff's property pursuant to its terms and conditions.  *See* Pl. Comp. [D.E. 1-1; p. 5 of 102 at

1

¶6].

2.  Plaintiff attached a policy with a policy period of March 7, 2020 to March 7, 2021.  *See* Pl. Comp. [DE 1-1, Exhibit "A", p. 8-73 of 102].

3.  Plaintiff alleges that the property suffered damage due to Hurricane Irma on or about September 10, 2017.  *See* Pl. Comp. [D.E. 1-1; p. 5 of 102 at ¶8].  Plaintiff then alleges "A true and correct copy of the Policy is attached hereto and incorporated herein as composite **Exhibit "A".**"  *See* Pl. Comp. [D.E. 1-1; p. 5 of 102 at ¶9].

4.  Plaintiff then alleges that Arch breached that policy by failing to pay for the damage, when the alleged damage occurred outside that policy period.  *See* Pl. Comp. [D.E. 1-1; p. 6 of 102 at ¶17-18].

5.  Contrary to Plaintiff's allegations, the policy was not "in full force and effect" during the time of the alleged loss, so Plaintiff's alleged damages are not covered by the policy.  Plaintiff's Complaint must therefore be dismissed.

**II.    Argument and Memorandum of Law**

    **A.    Motion to Dismiss Standard**

One of the basic purposes of a motion to dismiss is to test the overall sufficiency of the complaint to state a claim upon which relief can be granted.  *Augustine v. Southern Bell Tel. & Tel. Co.*, 91 So.2d 320 (Fla. 1956).  Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that fails to state a cause of action upon which relief may be granted.  A complaint must be dismissed where "no construction of the factual allegations will support a cause of action."  *Ziegenhirt v. Lumberman's Mutual Cas. Co.,* No. 06-21969-civ-Altonaga, 2007 WL 9706465 (S.D. Fla. 2007)(citing *Marshall County Bd.of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993)).

When considering a motion to dismiss a complaint, generally the trial court's analysis is limited to the four corners of the complaint. See *Coach Services, Inc. v. 777 Lucky Accessories, Inc.,* 752 F.Supp.2d 1271 (S.D. Fla. 2010). The allegations in a complaint must be accepted as true, and in a light favorable to the plaintiff. *Garcia v. Scottsdale Ins. Co.,* No. 18-20509-civ-Scola, 2018 WL 3432702 (S.D. Fla. July 16, 2018).

> **B.  The policy attached to the Complaint had a policy period of March 7, 2020 to March 7, 2021.  That policy does not cover damage occurring on September 10, 2017.**

Plaintiff contends that Arch breached a policy with a policy period of March 7, 2020 to March 7, 2021. Plaintiff expressly incorporates this policy into its Complaint. Plaintiff then alleges that Arch breached the policy by failing to pay damages associated with a storm occurring on September 10, 2017. Damage occurring on September 10, 2017 are outside the policy period. When there are conflicts between the allegations and the documents incorporated into the Complaint, the plain language of the document controls. *See Geico General Ins. Co. v. Graci*, 849 So.2d 1196, 1199 (Fla. 4th DCA 2003); *see also Health Application Sys. Inc. v. Hartford Life and Accident Ins. Co.*, 381 So.2d 294, 297 (Fla. 1st DCA 1980).

It is well-settled that like all contracts, insurance contracts should receive a construction that is reasonable, practical, sensible and just. *Weldon v. All Am. Life Ins. Co.*, 605 So.2d 911, 915 (Fla. 2d DCA 1992). Insurance policies should not be construed to reach an absurd result. *Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So.2d 1135, 1140 (Fla. 1998). When no ambiguity exists, the policy must be construed according to the plain language of the policy as bargained for by the parties. *Auto-Owners Ins. Co. v. Anderson*, 756 So.2d 29, 33 (Fla. 2000).

Here, Arch and its insured bargained for an insurance contract that provided coverage from March 7, 2020 to March 7, 2021. Damages occurring on September 10, 2017, years before the policy went into effect, are not part of this policy period. Therefore, the attached policy does not cover the alleged damages due to Hurricane Irma. The Complaint must be dismissed.

WHEREFORE, Defendant, ARCH SPECIALTY INSURANCE COMPANY, respectfully requests the dismissal of Plaintiff's Complaint and all other relief deemed equitable under the circumstances.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Justin W. Sblano
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.:  0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.:  1008138
jsblano@butler.legal
Secondary:   hkerr@butler.legal
             knieman@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
*Attorneys for ARCH SPECIALTY INSURANCE COMPANY*

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2022, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system. A copy of the foregoing was forwarded to the following this same date:

Juan C. Velasquez, Esq.
E-mail: juan@jvelasquezlaw.com
Velasquez & Associates, P.A.
330 SW 27th Avenue, Suite 601
Miami, FL 33135
Attorneys for Plaintiff

Michael J. Friedman, Esq.
Michael R. Billings, Esq.
E-mail: mfriedman@friedmanlegalfl.com
E-mail: mbillings@friedmanlegalfl.com
E-mail: pleadings@friedmanlegalfl.com
1001 Yamato Road, Suite 311
Boca Raton, FL 33431
Attorneys for Plaintiff

/s/ Justin W. Sblano
JUSTIN W. SBLANO, ESQ.