## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  22-20965-CIV-ALTONAGA/Torres

**MILAM AIRPORT PARK
CONDOMINIUM ASSOCIATION, INC.,**

      Plaintiff,

v.

**ARCH SPECIALTY INSURANCE
COMPANY,**

      Defendant.

_____/

## ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), responds to Plaintiff's Complaint filed herein as follows:

1.      Admitted that Plaintiff is a Florida corporation with its principal place of business in Miami-Dade County, Florida.  Further admitted that Arch issued a commercial insurance policy to Plaintiff subject to all terms, conditions, and limitations contained therein.  Otherwise, denied.

2.      Admitted that Arch is a properly licensed surplus lines carrier incorporated in the State of Missouri with its principal place of business located in the State of New Jersey.  Arch conducts business in Miami-Dade County, Florida.  Otherwise, denied.

3.      Admitted only for jurisdictional purposes.  Otherwise, denied.

4.      Admitted only for proper venue purposes.  Otherwise, denied.

5.      Admitted that Arch issued commercial property number ESP 7302034-02 to the Plaintiff for the policy period of March 7, 2017 to March 7, 2018, for the property located at

6900-7128 N.W. 50th Street, Miami, Florida 33166, subject to all terms, conditions, exclusions, and limitations contained therein.  Otherwise, denied.

6.     Admitted that the policy period was March 7, 2017 to March 7, 2018.  Otherwise, denied.

7.     Denied.

8.     Admitted that Exhibit "A" speaks for itself.  Otherwise, denied.

9.     Admitted that Exhibit "B" speaks for itself.  Otherwise, denied.

10.     Admitted.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.  Plaintiff failed to suffer a covered cause of loss.  *See also*, Arch's 1st, 2d, 6th, 9th, 10th, and 11th Aff. Def.

**COUNT I**
**BREACH OF CONTRACT**

15.     Arch reincorporates its responses to paragraphs 1 through 14 as if fully set forth herein.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Arch denies all unnumbered paragraphs of Plaintiff's Complaint, including the WHEREFORE clause.

WHEREFORE, Defendant, ARCH SPECIALTY INSURANCE COMPANY, respectfully requests judgment in its favor, costs of this action and such other relief as the Court

deems appropriate under the circumstances.  Defendant demands a trial by jury on all issues so triable as a matter of right.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The policy requires the Plaintiff to provide prompt notice of any loss or damage pursuant to the Plaintiff's "Duties In The Event Of Loss Or Damage":

**E.**     **Loss Conditions**

>    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

* * *

**3.**     **Duties In The Event of Loss or Damage**

>    **a.**     You must see that the following are done in the event of loss or damage to Covered Property:

* * *

>    **(2)**     Give us prompt notice of the loss or damage. Include a description of the property involved.
>
>    **(3)**     As soon as possible, give us a description of how, when and where the loss or damage occurred.

* * *

Plaintiff failed to provide prompt notice of its reopened claim.  Arch denied the claim during its initial investigation, but then Plaintiff waited almost three years to notify Arch of its request to reopen the claim.  Plaintiff's delay in reopening the claim prejudiced Arch's investigation.

**SECOND AFFIRMATIVE DEFENSE**

The policy requires the Plaintiff to mitigate its damage pursuant to the Plaintiff's "Duties

In The Event Of Loss Or Damage":

    **E.**    **Loss Conditions**

        The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

* * *

    **3.**    **Duties In The Event of Loss or Damage**

        **a.**    You must see that the following are done in the event of loss or damage to Covered Property:

* * *

            **(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

* * *

Arch conducted the Plaintiff's Examination Under Oath, and Arch provided the Plaintiff with a copy of the transcript. Plaintiff confirmed that despite allegedly sustaining Hurricane Irma damage, it failed to make any repairs in the four years since the loss. Plaintiff therefore exacerbated its alleged damages following the storm.

<strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong>

The policy contains a limitation that interior damage to any building or structure caused by or resulting from rain, whether driven by wind or not, is not covered unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain enters pursuant to the following policy language:

    **C.**    **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

    **1.**    We will not pay for loss of or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

* * *

    **c.**    The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        **(1)**    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

        **(2)**    The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

* * *

Arch explained how this limitation applies within its November 16, 2021 denial letter. Arch incorporated the findings of RMC Group.  RMC Group's report was provided to the Plaintiff.  RMC Group did not find that the property sustained any openings created by wind or a Covered Cause of Loss in which rain entered the building or structure.

**FOURTH AFFIRMATIVE DEFENSE**

The policy excludes damage caused by or resulting from wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, settling, cracking, shrinking, or expansion pursuant to the following language:

    **2.**    We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    **d.**    **(1)**    Wear and tear;

               **(2)**    Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

               **(3)**    Smog;

               **(4)**    Settling, cracking, shrinking or expansion;

Arch explained how this exclusion applies within its November 16, 2021 denial letter. Arch incorporated the findings of RMC Group's report, where RMC Group found that the property suffered from extensive wear and tear and deterioration that would be excluded by the above-referenced policy language.

## FIFTH AFFIRMATIVE DEFENSE

The policy excludes loss or damage caused by or resulting from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, materials used in repair, construction, renovation or remodeling, or maintenance pursuant to the following policy language:

    **3.**    We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.**  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

               * * *

    **c.**    Faulty, inadequate or defective:

               **(1)**    Planning, zoning, development, surveying, siting;

               **(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3)   Materials used in repair, construction, renovation or remodeling; or

(4)   Maintenance;

of part or all of any property on or off the described premises.

\* \* \*

Arch explained how this exclusion applies within its November 16, 2021 denial letter. Arch incorporated the findings of RMC Group's report, where RMC Group found that the property suffered from extensive faulty and inadequate repairs or maintenance that would be excluded by the above-referenced policy language.

## SIXTH AFFIRMATIVE DEFENSE

The policy contains certain requirements for payment of a covered loss on a replacement cost basis.  Arch will not pay on a replacement cost basis for any loss or damage: (1) Until the lost or damaged property is actually repaired or replaced; and (2) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.  The policy language regarding payment on replacement cost would become applicable if Plaintiff's claimed damages are deemed covered.  Plaintiff has not made any repairs, so it is not entitled to replacement cost value.  It is now four years after the loss and Plaintiff confirmed that no repairs were made, so Plaintiff failed to make repairs as soon as reasonably possible.  Arch also repeatedly requested Plaintiff to provide its claim at actual cash value, and Plaintiff never provided its claim at actual cash value despite Arch's requests.  Given Plaintiff filed suit without ever claiming actual cash value, Plaintiff is not entitled the actual cash value of its damages as well.

## SEVENTH AFFIRMATIVE DEFENSE

Any payment for covered damages will be issued to those entitled to payment under the

terms and conditions of the policy including the applicable clause that requires a mortgage holder to be included on any payment.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that it is determined the damage to the insured property is attributable to a covered peril and is deemed a covered loss, the policy contains a 10% Named Windstorm Deductible pursuant to its Named Windstorm Percentage Deductible Endorsement, form 00 EXP0195 00 03 15.  While Arch never received the addresses of the exact buildings claimed despite its numerous requests, it appears the claim is limited to Building 3, which has a $215,500.00 Named Windstorm Deductible.  Should Plaintiff claim other buildings, such would also be subject to additional Named Windstorm Deductibles.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff did not submit or substantiate a claim for ordinance or law, and Arch repeatedly asked the Plaintiff to explain whether it was making a claim for a non-physical purpose such as ordinance or law.  The Policy excludes coverage due to ordinance or law pursuant to the following:

1. We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

* * *

   a. Ordinance Or Law

   The enforcement of any ordinance or law:

   (1) Regulating the construction, use or repair of any property; or

   (2) Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

**(a)**     An ordinance or law that is enforced even if the property has not been damaged; or

**(b)**     The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

\* \* \*

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to cooperate by providing documents requested by Arch before filing suit in violation of its "Duties In The Event Of Loss Or Damage":

**3.     Duties In The Event Of Loss Or Damage**

**a.**     You must see that the following are done in the event of loss or damage to Covered Property:

\* \* \*

**(4)**     Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)**     At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

**(6)**     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)**     Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)**     Cooperate with us in the investigation or settlement of the claim.

\* \* \*

Arch requested repair and maintenance logs, board minutes, and other documents in support of Plaintiff's claim due to the delay in requesting the claim be re-opened. Plaintiff also confirmed at the Examination Under Oath that additional photographs and videos of the alleged damages existed, but these were not provided. Plaintiff also stated during the Examination Under Oath that it would confirm the addresses alleged as damaged. The failure to provide this information and documentation prejudiced Arch's investigation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff breached the policy by failing to provide meaningful testimony at an Examination Under Oath. *See, e.g., Biscayne Cove Condo. Ass'n v. QBE Ins. Corp.*, 971 F.Supp.2d 1121, 1125 (S.D. Fla. 2013). Plaintiff provided one representative, Daniel Sanchez, who was unprepared and deferred answers to pertinent questions regarding the insurance claim to non-testifying individuals who were not produced. The subject policy requires an insured to cooperate with Arch's investigation of the claim and meaningfully attend an Examination Under Oath before legal action may be taken:

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

\* \* \*

**D.    LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.**    There has been full compliance with all of the terms of this Coverage Part;

\* \* \*

**E.    Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

\* \* \*

**3.    Duties In The Event Of Loss Or Damage**

**a.**    You must see that the following are done in the event of loss or damage to Covered Property:

\* \* \*

**(8)**    Cooperate with us in the investigation or settlement of the claim.

\* \* \*

**b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.  In the event of an examination, an insured's answers must be signed.

\* \* \*

As explained in Arch's denial letter, Mr. Sanchez deferred to others in response to most material questions.  He did nothing to prepare, and failed to review the documents provided by the Plaintiff's attorney.  He could not answer questions surrounding the Plaintiff's estimates;

Plaintiff's original claim for Hurricane Irma damages; the involvement of Plaintiff's original

public adjuster; whether the Plaintiff was making a claim for replacement cost value, actual cash

value, or for a non-physical purpose; or the reports prepared by Joe Manners. The failure to

produce knowledgeable individual(s) prejudiced Arch's investigation.

## DEMAND FOR JURY TRIAL

Arch hereby demands trial by jury on all issues so triable.

WHEREFORE, Defendant, ARCH SPECIALTY INSURANCE COMPANY,

respectfully requests judgment in its favor, costs of this action and such other relief as this Court

deems appropriate under the circumstances.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/*Justin W. Sblano

CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.: 0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.: 1008138
jsblano@butler.legal
Secondary:      hkerr@butler.legal
                clugo@butler.legal
                mdillard@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:      (813) 281-1900
Facsimile:      (813) 281-0900
*Attorneys for Arch Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that a copy hereof that the foregoing was filed with the CM/ECF system on May

3, 2022, which will automatically send electronic copies to the following:

Juan C. Velasquez, Esq.
Velasquez & Associates, P.A.
330 SW 27th Avenue, Suite 601
Miami, Florida 33135
juan@jvelasquezlaw.com
Attorneys for Plaintiff

Michael J. Friedman, Esq.
Michael R. Billings, Esq.
Friedman Legal
1001 Yamato Road, Suite 311
Boca Raton, Florida 33431
mfriedman@friedmanlegalfl.com
mbillings@friedmanlegalfl.com
pleadings@friedmanlegalfl.com
Attorneys for Plaintiff

/s/Justin W. Sblano
JUSTIN W. SBLANO, ESQ.